UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HOSGNAN TAVIRA,<br>　　　　　　*Plaintiff*,<br>　- against -<br><br>MONTE PIZZA & PASTA CORP., 1 FABENE PIZZA CORP., and CIRO LOPEZ LUCAS.<br><br>　　　　　　*Defendants*. | **COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiff HOSGNAN TAVIRA ("Plaintiff"), on behalf of himself and all others similarly situated (the "Proposed Class"), by and through his attorneys, Law Office of Mohammed Gangat, brings this action against Defendants MONTE PIZZA & PASTA CORP., 1 FABENE PIZZA CORP. (together "Corporate Defendants"), and CIRO LOPEZ LUCAS (Collectively "Defendants"), and alleges upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**NATURE OF THE CASE**

1. This action arises from Defendant's violations of federal and state wage-and-hour laws as well as from Defendant's retaliatory discharge of Plaintiff after he inquired about his unpaid wages.

2. Plaintiff brings claims under: The Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*; The New York Labor Law ("NYLL"), N.Y. Lab. Law §§ 650 *et seq.* and associated regulations; and New York common law (breach of oral contract/unjust enrichment/quantum meruit) stemming from an agreement regarding the transfer of certain pizzeria equipment and the promise of partnership.

3. Plaintiff seeks unpaid minimum wages, overtime compensation, liquidated damages, damages for retaliation, compensation for the value of pizzeria equipment he provided, and any other relief deemed just and proper by the Court.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over Plaintiff's federal claims under 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). The Court has supplemental jurisdiction over Plaintiff's state and common law claims under 28 U.S.C. § 1367.

5. Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial portion of the events giving rise to the claims occurred within this District. Plaintiff worked at two pizzeria locations in the Bronx and Manhattan, both within the Southern District of New York.

**PARTIES**

6. Plaintiff Hosgnan Tavira is a resident of the State of New York.

7. Plaintiff was employed by Defendant from approximately June 2024 until on or about December 2, 2024, performing work at pizzeria locations in the Bronx and Manhattan.

8. While employed with Defendants, Plaintiff was regularly engaged in interstate commerce and/or in the production of goods for commerce.

9. Plaintiff is a covered employee within the meaning of the FLSA, and NYLL.

10. Defendant Ciro Lopez Lucas is, upon information and belief, an adult individual in his late 30s or 40s and is a resident of New York.

11. Monte Pizza and Pasta Corp. ("Monte") is located at at 360 East 188th Street, Bronx, NY 10458. It is a pizzeria that serves pizza and Italian cuisine.

12. 1 Fabene Pizza Corp. (Fabene) is located at 2309 Adam Clayton Powell Jr. Blvd., New York, NY 10030. It is also a pizzeria that serves pizza and Italian cuisine.

13. At all relevant times, Lucas, is an owner and/or manager of Corporate Defendants.

14. At all relevant times, Lucas was and still is an officer, director, shareholder, owner, and/or person in control of Corporate Defendants, who exercises significant control over Corporate Defendants's operations and had the authority to hire, fire, and discipline his employees; set employees' work schedules and conditions of employment; determine the rate and method of payment for employees; and maintain employment records.

15. At all relevant times, Defendants were responsible for setting Plaintiff's schedule and day-to-day activities and for supervising his performance.

16. At all relevant times, Defendants had the power to discipline and terminate Plaintiff.

17. At all relevant times, Defendants were responsible for compensating Plaintiff.

18. Defendants are a single enterprise and/or joint employers as Defendants operate for the same business purpose and have common ownership and management.

19. Defendants are joint employers, who jointly managed, supervised, hired, fired, and controlled the manner of pay of Plaintiff, and are jointly and severally liable in this matter.

20. Defendants are covered employers within the meaning of the FLSA and NYLL, and, at all relevant times, employed Plaintiff.

21. Upon information and belief, at all relevant times, Defendants' gross revenues were in excess of $500,000.00 per year.

22. Defendants operate in interstate commerce.

23. Defendants are subject to suit under the statutes alleged above.

## STATEMENT OF FACTS

<u>Wage and Hour Claims</u>

24. Start of Employment: On or about June 20, 2024, Defendant Lopez hired Plaintiff to work at Monte located at 360 East 188th Street, Bronx, NY. Plaintiff worked there for approximately two (2) weeks, averaging 50 hours per week (totaling about 100 hours).

25. Transfer to Manhattan Location: Defendant Lopez began to build a second pizzeria (Fabene) at 2309 Adam Clayton Powell Jr. Blvd., which required renovation, setup, and daily supervision.

26. Plaintiff worked at Fabene from in or around July 2024 until September 25, 2024,

27. Plaintiff's job duties included handling deliveries, assisting construction workers in building the restaurant according to the defendant's specifications, ensuring proper daily trash disposal, opening the restaurant each morning for the workers and securing it at the end of the day, and performing any tasks necessary to prepare for the grand opening.

28. During this period, Plaintiff worked Monday through Friday, and sometimes Saturdays, from 8:00 a.m. to 5:00 p.m. For a total between 45 to 54 hours per week.

29. On or around September 25, 2024 until on or around December 2, 2024, Plaintiff's duties and hours changed at Fabene.

30. Plaintiff's new duties included but not limited to food preparation, making dough, handling phones and customers, cleaning, operating the counter, and overseeing operations.

31. During this period, Plaintiff worked Monday through Sunday, every day, from approximately 9:00 a.m. until between midnight and 1:00 a.m. Plaintiff worked between 105 and 112 hours per week.

32. Defendant Lopez promised Plaintiff $18 per hour, but Plaintiff was never actually paid these wages. Defendants only paid Plaintiff $1,000 throughout this time period.

33. Despite these excessive hours, Defendant did not pay Plaintiff minimum wage or overtime for hours over forty (40) in a workweek. Plaintiff received no consistent weekly pay; he was simply told that he would be "paid later" once the pizzeria began generating revenue.

34. Defendants did not provide or schedule meal breaks; Plaintiff ate whenever possible, if at all.

35. Defendants further failed to furnish to Plaintiff a payroll notice at the time of his hire, or at any time thereafter, containing Plaintiff's rates of pay, the designated payday, or other information required by NYLL § 195(1).

36. Defendants also failed to furnish Plaintiff, with each wage payment, an accurate statement listing Plaintiff's regular and overtime rates of pay and the number of regular and overtime hours worked, or any other information required by NYLL § 195(3).

37. Due to Defendants' failure to provide the required wage and payroll notices, Plaintiff suffered concrete harm. Without these notices, she was unaware of the legal minimum wage for his position and the overtime pay she was entitled to under state and federal laws. This lack of information deprived him of the opportunity to advocate for his rightful pay, forcing him to continue working in a position that deliberately paid him below the legal minimum wage. Access to a clear breakdown of his hours and the legally mandated minimum hourly rate would have enabled him to identify and address these violations, potentially preventing him from remaining in a job that compensated him at an unlawfully low rate. This financial harm is a tangible downstream consequence of the failure to receive required information.

38. Defendants violated federal and state law by willfully failing to pay Plaintiff overtime compensation and minimum wage; by failing to timely pay Plaintiff their full amount of

wages every week; and by failing to provide Plaintiff with the required payroll notices and wage statements.

Retaliation Claims

39. Lucas repeatedly failed to pay Plaintiff's wages, instead making excuses that payment would be made once his restaurant, Fabene, opened and began generating income. Whenever Plaintiff inquired about his overdue wages, Lucas deflected by citing the restaurant's startup costs, avoiding the issue while assuring Plaintiff that he would be paid in full.

40. Around October 2024, Plaintiff again pressed Lucas for payment. In response, Lucas proposed making Plaintiff a partner in Fabene as a means to repay the outstanding wages and allow him to share in the restaurant's future profits. Plaintiff agreed to this arrangement, under the condition that a formal partnership agreement would be drafted. Lucas assured Plaintiff that his lawyer would prepare the agreement for review.

41. However, Lucas never provided the promised partnership agreement. Each time Plaintiff followed up, Lucas made excuses, claiming that his lawyer was on vacation or unresponsive.

42. In late November or early December 2024, Plaintiff inquired about his unpaid wages and also about overtime pay, as he had been working long hours for Defendants. In response, Lucas stated, "I do not pay overtime" and informed Plaintiff that he would only be compensated for his work from the restaurant's opening (approximately September 25, 2024) until the present. This indicated that Defendants would not pay him for the work he had done in constructing and opening the restaurant or for the two weeks he worked at Monte.

43. Concerned about months of unpaid wages and that Lucas was not going to produce the partner agreement, Plaintiff voiced his frustration again about his wages, and told him that he did not want to become a partner and that he preferred to receive the wages he was

promised.

44. Around December 2, 2024, Defendants, angered by Plaintiff's insistence on being paid, terminated his employment.

45. Defendant's termination of Plaintiff shortly after Plaintiff asked about his wages constitutes retaliation in violation of the FLSA and NYLL.

Breach Of Contract Claims

46. In or around June 2024, Lucas and Tavira entered into an agreement in which Lucas would purchase Plaintiff's kitchen equipment to establish his new pizzeria. Plaintiff had the equipment available because he had recently closed his own pizzeria. Under their arrangement, Plaintiff agreed to sell his equipment for $10,000 and assist in building the new pizzeria, for which he would be paid $18 per hour.

47. Plaintiff provided Defendants with valuable pizzeria equipment, including a dough mixer, refrigerator, containers, baskets, and cutters—collectively valued at no less than $14,000, based on Plaintiff's current estimate.

48. However, Defendant later suggested other arrangements, including a partnership instead of payment, but never formalized any agreement in writing.

49. Plaintiff contends that $10,000 is insufficient given the total value of the equipment plus many months of uncompensated labor.

50. Consequently, Plaintiff asserts claims for breach of oral contract or, in the alternative, unjust enrichment / quantum meruit, seeking fair compensation for both the equipment and labor.

## STATEMENT OF CLAIM

### COUNT I: Failure to Pay Minimum Wage – FLSA

51. Plaintiff realleges and incorporates all the paragraphs above as though fully set forth herein.

52. At all relevant times, Defendant was Plaintiff's employer under the FLSA, 29 U.S.C. § 203(d).

53. Plaintiff regularly worked for Defendant without receiving any wages, thereby falling below the federal minimum wage for those hours, in violation of 29 U.S.C. § 206.

54. As a direct result, Plaintiff is entitled to recover unpaid minimum wages, liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

### COUNT II: Failure to Pay Overtime – FLSA

55. Plaintiff realleges and incorporates all the paragraphs above as though fully set forth herein.

56. Plaintiff often worked well over 40 hours each week, sometimes 60-65 hours weekly.

57. Defendant willfully failed to pay the overtime rate of one-and-a-half times Plaintiff's regular rate for hours worked above 40, in violation of 29 U.S.C. § 207.

58. As a result, Plaintiff seeks unpaid overtime compensation, liquidated damages, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

### COUNT III: Failure to Pay Minimum Wage & Overtime – NYLL

59. Plaintiff realleges and incorporates all the paragraphs above as though fully set forth herein.

60. Defendant failed to pay Plaintiff any wages for many hours worked, resulting in compensation below the New York State minimum wage, in violation of NYLL §§ 650 *et seq.* and 12 N.Y.C.R.R. Part 146 or 142.

61. Defendant also failed to pay the required overtime premium for hours worked above 40 per workweek, in violation of NYLL and its regulations.

62. Plaintiff is entitled to recover unpaid wages, overtime, liquidated damages, reasonable attorneys' fees, and costs under NYLL §§ 198(1-a) and 663.

### COUNT IV: Wage Notice and Wage Statement Violations – NYLL §§ 195(1), 195(3)

63. Plaintiff realleges and incorporates all the paragraphs above as though fully set forth herein.

64. Defendant failed to provide Plaintiff with a wage notice upon hire or when his rate changed, and failed to provide accurate wage statements each pay period, as required by NYLL §§ 195(1) and 195(3).

65. As a result, Plaintiff seeks statutory damages under NYLL §§ 198(1-b) and 198(1-d), plus attorneys' fees and costs.

### COUNT V: Retaliation – FLSA & NYLL

66. Plaintiff realleges and incorporates all the paragraphs above as though fully set forth herein.

67. Plaintiff engaged in protected activity by complaining about not being paid and seeking the wages owed to him.

68. Defendant terminated Plaintiff in retaliation for this protected activity, in violation of 29 U.S.C. § 215(a)(3) and NYLL § 215.

69. As a result, Plaintiff is entitled to compensatory damages, including lost wages and emotional distress, punitive damages (under NYLL), and reasonable attorneys' fees and costs.

*COUNT VI: Breach of Oral Contract / Unjust Enrichment / Quantum Meruit – State Common Law*

70. Plaintiff realleges and incorporates all the paragraphs above as though fully set forth herein.

71. Defendant orally promised to make Plaintiff a partner or otherwise compensate him for providing significant equipment (market value around $14,000) and labor for the setup and operation of the new Manhattan pizzeria.

72. Relying on these promises, Plaintiff transferred his equipment and performed extensive work without pay.

73. Defendant's subsequent offer of $10,000 did not materialize into full payment, causing Plaintiff to suffer damages.

74. As a direct and proximate result, Defendant has been unjustly enriched and/or has breached an oral agreement, and Plaintiff is entitled to recover damages in an amount reflecting the reasonable value of his equipment, labor, and foregone partnership interest.

**PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief:

i. Unpaid minimum wages and overtime under the FLSA and NYLL, plus liquidated damages;

ii. Statutory damages for wage notice and wage statement violations under the NYLL;

iii. Compensatory and punitive damages for retaliation under the FLSA and NYLL;

iv. Damages (including consequential and/or punitive) for breach of oral contract, unjust enrichment, and/or quantum meruit, to cover the fair market value of equipment and labor;

v. Pre- and post-judgment interest as permitted by law;

vi. Attorneys' fees and costs; and

vii. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues.

Dated: New York, New York
     March 5, 2025                    **LAW OFFICE OF MOHAMMED GANGAT**

                                     By: _____
                                           Mohammed Gangat, Esq.
                                           675 Third Avenue, Suite 1810
                                           New York, New York
                                           (718) 669-0714
                                           mgangat@gangatllc.com
                                           *Attorneys for Plaintiff*

                                           **LAW OFFICE OF MOHAMMED GANGAT**

                                     By: _____
                                           Eliseo Cabrera, Esq.
                                           675 Third Avenue, Suite 1810
                                           New York, New York
                                           (929) 251-4299
                                           eliseo@lawyerforworkers.com
                                           *Attorneys for Plaintiff*